MEMORANDUM *
Appellants Swan View Coalition and Friends of the Wild Swan, Inc., appeal the district court’s grant of summary judgment in favor of the Forest Service and Fish and Wildlife Service. This case involves the impact of the Robert-Wedge and West Side Reservoir Post-Fire Projects’ motor vehicle restrictions on threatened grizzly bears in the Flathead National Forest. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the summary judgment de novo and the Endangered Species Act and National Environmental Policy Act claims under APA arbitrary and capricious standards. Native Ecosystems Council v. Dombeck, *299 304 F.3d 886, 891-92 (9th Cir.2002). We affirm.
1. Claims against the Fish and Wildlife Service
The FWS Biological Opinions did not arbitrarily exclude unmet forest plan access management objectives from the environmental baseline. Rather, FWS properly used actual habitat conditions. This is specifically required by Nat’l Wildlife Fed’n v. Nat’l Marine Fisheries Serv., 524 F.3d 917, 924 (9th Cir.2008). Nor were the incidental take statements arbitrary. The Biological Opinions specifically linked motor vehicle access and density to grizzly habitat and survival to define incidental take through ecological habitat conditions as permitted by Ariz. Cattle Growers’ Ass’n v. U.S. Fish & Wildlife, 273 F.3d 1229, 1250 (9th Cir.2001). The incidental take statements also contained sufficient triggers for reinitiated consultation; the Forest Service’s failure to meet any of the numerous reasonable and prudent measures by specified dates will trigger reinitiated consultation. This, too, is allowed under Ariz. Cattle Growers’ Ass’n. Id.
The Biological Opinions did not fail to consider whether the projects were consistent with Interagency Grizzly Bear Guidelines. The Guidelines are not binding on FWS, Center for Biological Diversity v. U.S. Fish & Wildlife Serv., 450 F.3d 930, 942-43 (9th Cir.2006), but FWS did indeed consider them (and the best scientific data upon which the Guidelines were created), including evidence that “large contiguous blocks of unroaded habitat are important to survival” of grizzly bears.
2. Claims against the Forest Service
As for the Forest Service, its Final Environmental Impact Statements did not violate NEPA. Both Statements took “a hard look” at the forest-wide cumulative effects of the projects in the context of other projects, grizzly bear populations, the Grizzly Guidelines, forest plan objectives and state and private lands. For example, the Forest Service analyzed such cumulative effects in Rg-5, which is referenced in both Final Environmental Impact Statements. This is sufficient under Ecology Center v. Castaneda, 574 F.3d 652, 666 (9th Cir.2009) (requiring “a sufficiently detailed catalogue of past, present, and future projects” and “adequate analysis about how these projects, and differences between the projects, are thought to have impacted the environment”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.